The first matter is Morris Olivier v. Leroy Baca 13-56361 and I do so that I don't forget later I do note that we have pro bono counsel on this particular case and on behalf of the court and our panel we always like to thank our pro bono lawyers and I'm sure that you'll both make equally wonderful arguments but we we rely on lawyers to step forward and brief issues and help us to decide important cases so thank you for taking the laboring or here and agreeing to do this case pro bono so you may proceed ten minutes each side thank you good morning your honors may it please the court Chris Lim for Maurice Olivier I would like to reserve two minutes for rebuttal if I may I think first I need to spend just a brief moment explaining the circumstances that happened with the reply brief I tried and failed to receive a 30-day extension for time and I as far as I can tell I think I had a installed a pop-up blocker that basically prevented me from getting that 30 days let's not worry about that anymore I think we have it we've looked at it I think that will for these purposes consider that we've read it and you so you know the first argument that I would like to make is that uncontroverted evidence is not incontrovertible evidence and I would point the court to Advisory Committee note in the 2010 amendments to the Advisory Committee note for rule 56 which reads considering some facts undisputed does not itself allow summary judgment if there is a proper response or reply us to some facts the court cannot grant summary judgment without determining whether those facts can be genuinely disputed so it seems to me that it's undisputed that floor-sleeping was the result of inmate disturbances and lockdowns correct that's undisputed I'm sorry can you repeat that well it seems that it's undisputed that the floor-sleeping was the result of inmate disturbances and lockdowns so the way that's not disputed so I'm understanding your argument to really be that the district court's legal conclusion that the 14th amendment can tolerate floor-sleeping in the case of educant circumstances like a lockdown that that's what you're disputing well no actually I don't think that's my argument I'm trying to argue that there there if you look at the evidence that mr. Baca presented to the district court there are inferences that the court could have made from that same evidence so in particular they could have the court could have concluded that inmate disturbances were not the exceptional case but the norm right so the the evidence that mr. Baca presented to the court was simply that there had been a certain number of inmate disturbances in a certain amount of time but the court was not given any further evidence about like the general state of affairs in in the county jails and I think further there's a second question you have some internet articles that you put about overcrowding in jails that you cite in your supplemental opening brief but yes those articles provide a basis to find Baca liable in this 1983 action oh I'm not I was not at all trying to suggest that those articles were going to be evidence in fact I simply wanted to provide those just so that the court could know you know what's in the public realm at the time which is I think admissible within and under events there for me Norton Simon and and under the federal rules of evidence rule 201 so I I'm sorry mr. Lim are you arguing essentially that there's a that that this overcrowding is really pretextual that there's really some other reason and that they're just simply using this overcrowding as a pretext to to put these people on the floor and keep them there in order to punish them or I mean I'm just having a see because you never really answer judge Callahan's question about exactly how you get around the the the problem that it was exigent circumstances are you see I'm trying to get when I was reading it and reading your your materials I came to the the understanding that what you were trying to say I think was that this is the norm and not an exigent circumstance because they have or it's a pretext are either of those correct no sir I think what I'm trying to say is that we don't know and under the rule 56 standard the court needs to know so I'm not trying to make an affirmative claim about what is actually happening in the prisons what I'm trying to say is that there's a tribal issue here because the court need because you need to know something there's a that's not the standard for summary judgment well well your honor so the evidence is there that says that there that there was not inmate if let me ask can I ask a hypothetical question and response well I would just say that if if the exigent circumstances are the normal state of affairs then they're no longer exigent circumstances and so there is a question about whether or not what what the background situation is around the particular moment in time in which a Baca presented evidence so let's but what evidence is there in this record that we can look at that shows that there were not exigent circumstances here so so your honor I would point so there is no evidence in the record that would show that this is not either way that it's not the normal state of affairs or it is the normal state of affairs so you know I think that this goes to the rule 56 question because you've got logs of inmate disturbances and explanations of LASD lockdown policy not in the record so there is evidence of exigent circumstances so that well there is evidence that makes that try a tribal issue so I would say that there is a favorable inference that one can draw from that evidence that that is not the exceptional case but the norm does that make sense to you if if in fact that then this is not an exceptional case at all this isn't an exigent circumstance at all it's the normal state of affairs so I think the court under this under this Advisory Committee note is required to make an inquiry as to the background of what comes before and after the evidence is presented so to use this case as a vehicle to find out what's really happening when in all cases when they claim exigent circumstances it seems that you're you want to use this case you know I mean we can call a simple-minded but we have to when we're evaluating something for purposes of a tribal issue we have to do it on what's in front of us okay so but it seems that you want us to use this as a vehicle to there isn't a disputed fact that it's undisputed that floor sleeping is the result in this case of a disturbance in a lockdown but you want us to go beyond that record and find out if there are others that if they're just saying that too much not to go beyond the record but I think the district court should have made an inquiry as to whether or not the the inmate disturbances were were the norm or not I see that I'm about to reserve that let's hear what the government has to say and then that'll give you that'll frame it from the other side and then you can respond to that thank you good morning good morning may it please the court Jonathan Magno on behalf of a Peli preliminarily the district courts granting of summary judgment should be affirmed because appellant did not set forth any evidence that created a tribal issue a material fact as to his 14th amendment floor sleeping claim the issue of whether riots were commonplace was not mentioned in the court below there's no evidence in the record that the facilities for a three-day period was was a common occurrence okay let's just take it from even if there's no disputed fact as to the existence of exigent circumstances why isn't there still a factual dispute over whether floor sleeping was justified so isn't it an open question of whether the inmate reception center acted reasonably in declining to make some sort of delays in processing would extend well beyond the general 24-hour processing guideline right now the the record in place shows that there was a practice and there was a policy of ensuring that inmates were provided a housing facility with a bed when they entered the inmate reception center they there's a policy and practice that within 24 hours they need to be moved to a housing facility with a bed the only reason in this case in which the department was unable to do so was because of the exigent circumstances okay but let's say you know obviously let's say inmate disturbances test the tating floor sleeping had persisted for 10 days rather than three would it have been constituted a constitutional violation to have inmate sleeping on the floor for that amount of time you know what about 20 days right what about a month where do we draw the line right and I fortunately for this case it was a very short period of time unlike in the other cases cited in our answering papers noble v Adams Nord v Vance those were situations where certain constitutional rights were restricted temporarily for a period of months in time and which the found that under certain circumstances prisoners as opposed to detainees right right so how persuasive are those authorities when it comes to I didn't find anything maybe exactly on pretrial detainees under this right it's a very unique situation since that these individuals you know they're not technically prisoners at this point however they are under the care and the policy and practice in place was to ensure that their constitutional right to have a bed was enforced is it a unique situation the overcrowding problem down there is an issue that's gone on for years now is there any evidence in the record as how frequently this occurs where the 24-hour processing period will be violated due to disturbances there's no evidence in the record as to that obviously there were some other cases prior to this one such as the Thomas one in which floor sleeping was a an issue but at the time of this incident the policy in place in 2006 was to ensure that individuals were provided a bed the overcrowding issue doesn't really come into play here because but for the exigent circumstances the appellant would have been provided a housing facility with a bed so it's not the cause of him not being able to have a bed is overcrowding that's not in the record that's not basically how the situation occurred the record indicates that as soon as the lockdown was ended and everyone had been treated for their injuries they've done full investigations made sure everyone was in the proper cells and treated and that they conducted search for any weapons after that occurred they were able to move appellant into the housing facility well appellants counsel seems to be saying that the court should get more information that that there should be some question asked it's triable whether the policy I guess is you know if you're just having all of these disturbances and it's happening all the time then it does not equal exigent every day can't every day as an exigent I guess is what I hear him saying right and of course there's no evidence in the record that this is an everyday occurrence and I believe it be beyond the current standards if this court would determine that riots that resulted in multiple lockdowns due to hundreds of inmates fighting could not create an exigent circumstance the department had to ensure the safety of its officers the inmates and even appellant by stopping these riots as soon as possible and in a safe and humanizing manner their resources and their officers were severely limited they had to from the inmate reception center itself they had to send numerous personnel to the Castaic jail they had to send individuals to the men central jail to help diffuse these riots to allow are you are you saying number one it's not a constitutional violation but then even assuming that it were there's nothing clearly established saying that it is yes this the secondary argument as to the qualified immunity to a Pele in his individual capacity the initial argument there is that one there was no constitutional violation due to the exigent circumstances an additional argument is that there is no evidence in the record and appellant did not meet his burden to show that a Pele was involved in this matter individually personally and additionally that the law at the time was not clearly established as to these floor sleeping claims that Thomas V Baca decision 2007 held that the law was not clearly established as the floor sleeping claims against the same a Pele additionally well you know it isn't de minimis I don't think I mean it seems like it's kind of de minimis the guy sleeps on the floor for three days but I as a young lieutenant I as a result of a United Airlines pilot strike I spent three days on the floor of the Washington National Airport and I can assure you I didn't think it was de minimis so there is some discomfort there I can you know for sure certainly no torture so the real question is number one were there exigent circumstances and that seems to be a little foggy here and number two and I think judge Callahan just pointed it out was this clearly established right and again I respectfully disagree that there the dispute whether the exigency is foggy or not the record clearly shows that the district court carefully reviewed the the uncontroverted evidence and properly determined that an exigency did exist which justified the temporary while it was three days it was temporary compared to numerous cases cited in the frequently because you know I'm a district judge so frequently when a motion for summary judgment is filed or a motion to dismiss in a party doesn't believe that they're that it believes it's premature they haven't had a chance to do diligent discovery and get any of these things they'll file a motion to continue so they can do discovery and I almost always almost always grant that was such a motion or request filed in this case I do not believe so well he was pro se though exactly yeah so I wondered if he asked for more time so I've had a process ask you to write a letter and say look I need more time to my understanding no he didn't again he is pro se and the district court did take that into consideration in its ruling granting the summary judgment going back to the qualified immunity argument there are several cases that are in dispute as to whether floor-sleeping does raise to a constitutional violation but none of those cases involved exigent circumstances such as in this case so as a distinguishing factor the department needed to allocate its resources and its officers to ensure the safety of the individuals the inmates its own officers they were severely outnumbered inmates to officers and they needed to take personnel from the inmate reception center and send them to men central jail and the Castaic located jail as well to say that the riots resulted in multiple jail facilities being put on lockdown due to these hundreds of inmate disturbances and fights did not create an exigent circumstance I believe would create an impossible standard to be met in all future cases and I believe my time is up thank you so first I would like to direct the court's attention to Thompson v. City of Los Angeles judge Callahan I heard you say that there were none of the cases that you saw referred to pretrial detainees and that's a Ninth Circuit case which specifically addresses floor-sleeping for pretrial detainees and in the Thomas case it's not an exigent circumstance case but in the Thomas case they distinguish Thompson because Thompson had offered mattresses to to plaintiffs so and that was you know and basically the ruling or holding of that case it seems pretty clear to me is that jail officials are on notice that pretrial detainees should be given either a bed or a mattress within a two-day period of time so I think the qualified immunity issue should be just briefly I think I think the the just to recap the the issue seems to me again very much one which judge you judge Callahan seemed to like put quite well which is that exigent circumstances can't be an everyday thing and if they are an everyday thing then they're no longer exigent circumstances by definition and so I think that's the problem with your case you're handicapped by the lack of a factual record to support that as I discussed with counsel there's a it's well known that there's an overcrowding problem and if the record had demonstrated that due to the severe overcrowding there's frequent disturbances that would then lead to a partial lockdown there's something in the record that a partial lockdown under certain circumstances isn't possible that if there are disturbances then you basically put the facility on full lockdown so nobody gets processed in and out and that that happens frequently but jail officials don't take any measures to ensure that they're processed out and given a bed within a reasonable period of time I think that's a different factual record but I didn't see that sort of record in this particular case so I would agree the record is is is insufficient on that on that point but you know I think it's worth bearing in mind that this is a proper litigant and Haynes v Kern says that you're to give latitude to such litigants you know propers do get certain consideration but I don't know any case authority that says that we can put things in the record for propers that aren't there oh certainly not but in terms of latitude and pleading so which I think this is given that it was dismissed on summary judgment you've got a minute over thank you time's up thank you both for your argument and again thank you for handling this case pro bono thank you both of you being here next case on calendar issue United States of America versus our tech of sepian and Kenneth Wayne Johnson cases 1 7 dash 5 0 2 3 1 8 5 0 0 2 6
judges: Callahan, Nguyen, Ezra